FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2014 DEC 11  PM 1:25

CARLA LANE,

  Plaintiff,

-VS-

CASE NO.: 3:14-cv-1477-J-32mcr

TERRENONNI AND HASSETT
ASSOCIATES LLC,

  Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3. The alleged violations described in the Complaint occurred in Putnam County, Florida.

## FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of Florida, residing in Palatka, Putnam County, Florida

5. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2) and 15 U.S.C. § 1692(a)(3).

6. Plaintiff is an "alleged debtor."

1

7. Plaintiff is the "called party." See <u>Soppet v. Enhanced Recovery Co., LLC</u>, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8. Defendant is a corporation which was formed in Florida with its principal place of business at 5615 Major Boulevard, Orlando, Florida, 32819 and conducting business in the state of Florida through its registered agent, United States Corporation Agents, Inc.

9. Defendant is a "debt collector" as defined by Florida Statute § 559.55(6) and 15 U.S.C. § 1692(a)(6).

10. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and U.S.C. § 1692(a)(5).

11. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such a frequency as can be reasonably expected to harass.

12. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

13. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (386) 328-4941, and was the called party and recipient of Defendant's above described calls.

14. Plaintiff has never provided Defendant with her aforementioned cellular telephone number, nor has she ever provided verbal or express consent for Defendant to call her aforementioned cellular telephone number.

15. In or about May of 2014, Plaintiff received a telephone call to her aforementioned cellular telephone number from Defendant seeking to rec over a debt from an individual named "Leona Fridley," unknown to her. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone number: (312) 239-6510.

16. Immediately upon receipt of the first call from Defendant, in or about May of 2014, Plaintiff received the Defendant's automated message, returned Defendant's call at telephone number (888) 544-0513, spoke with an agent/representative of Defendant "Mr. Chills," and informed him that they had the wrong number, that she was not "Leona Dridly," she did not know "Leona Dridley," and to stop calling.

17. During that conversation, in or about May of 2014, the agent/representative of Defendant, "Mr. Chills" investigated his records for the Plaintiff's full name, and aforementioned telephone number, and informed the Plaintiff that neither her name nor number were in his "system," that he did not know why Defendant was calling her, and that in order to fix the problem, he would contact his company's "home office" in New York office, as that was where calls are originated.

18. Despite actual knowledge that they were calling the wrong phone number, and that they did not have Plaintiff's consent, the Defendant continued its barrage of phone calls to Plaintiff's aforementioned cellular telephone number in an attempt to collect a debt.

19. Again, on or about June 6, 2014, Plaintiff contacted the Defendant, and informed an agent/representative of Defendant that they had the wrong number, that she was not "Leona Dridly," she did not know "Leona Dridley," and to stop calling.

20. On at least four separate occasions, Plaintiff spoke with an agent/representative of the Defendant in an attempt to be removed from the call list, informing the Defendant not to call her aforementioned cellular telephone number.

21. Each of Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

22. From approximately May of 2014 through the filing of this Complaint, Defendant placed approximately fifty (50) automated calls to Plaintiff's aforementioned cellular telephone

3

on a daily basis (or as will be established after a thorough review of Defendant's records), despite being informed they had the wrong number. [Please see attached **Exhibit "A"** representing a non-exclusive sampling of 12 calls from May of 2014 through August of 2014.]

23. Plaintiff received the following identical pre-recorded telephone message to her voicemail on, but not limited to, May 21, 2014 at 02:28 pm EST, May 29, 2014 at 12:13 pm EST, and June 12, 2014 at 02:28 pm EST:

> [Male voice] This message is for [computer voice] "Leona Dridley" [male voice] from the offices of Terrenonni and Hassett. We are calling regarding a returned item from your bank; it requires your immediate attention. It would be in your best interest to either have yourself or retained counsel contact our office to discuss voluntary resolution of this matter. You may contact us at (888)544-0513, and when calling in, please refer to file number [computer voice] "214546." [Male voice] Please be advised this is not a solicitation, and we are expecting your response.

24. Additionally, Plaintiff received the following identical pre-recorded telephone message to her voicemail on, but not limited to, June 18, 2014 at 50:49 pm EST, June 23, 2014 at 12:20 pm EST, July 10, 2014 at 10:55 am EST, July 15, 2014 at 04:13 pm EST, August 5, 2014 at 12:31 pm EST, and August 6, 2014 at 05:02 pm EST:

> [Male voice] I am calling from the office of Terrenonni and Hassett. We have sent you correspondence and attempted to contact you on a matter involving your name and Social Security Number, but we have received no response from you or your attorney regarding the matter. We have decided to reach out to you one last time to give you the opportunity to be compliant and give your statement of intent to our office regarding file number [computer voice] "214546." [Male voice] Please be advised if we do not hear from you or your attorney I will no longer be able to assist you in a voluntary resolution of this matter. So contact the office immediately at (888) 544-0531.

25. By Defendant continuing to call the Plaintiff, despite being informed by the Plaintiff that she did not know the individual for whom they were calling, Plaintiff was led to

4

believe that Defendant though she was lying, and that the only way to stop the harassing calls was to pay the alleged debt.

26. Upon information and belief, the telephone calls were placed using automated telephone dialing equipment and/or a pre-recorded message, without human intervention.

27. Each call Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

28. Each call made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

29. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227 (b)(1)(A).

30. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

31. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

32. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's aforementioned cellular telephone number in this case, with no way for the consumer, or Defendant, to remove the incorrect number.

33. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

34. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

35. Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

36. Defendant's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

37. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

38. Defendant violated the TCPA with respect to the Plaintiff.

39. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

40. Plaintiff incorporates Paragraphs one (1) through thirty-nine (39).

41. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

42. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

43. Plaintiff incorporates Paragraphs one (1) through thirty-nine (39).

44. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

45. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

46. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

47. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

48. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FDCPA)

49. Plaintiff incorporates Paragraphs one (1) through thirty- nine (39).

50. At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

51. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

52. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

53. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692d(6) by calling the Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

54. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(e)(2)(a) by attempting to collect on a debt from the Plaintiff which she does not owe.

55. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(e)(2)(a) 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

56. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(g)(a) by failing to send the Plaintiff the required written validation notice within five (5) days of the initial communication.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

Respectfully submitted,

_s/Amanda Allen_
Amanda Allen, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
AAllen@ForThePeople.com
Florida Bar #: 0098228
Attorney for Plaintiff